# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SHAWN MICHAEL LEDCKE** | : | Civil No. 1:12-CV-1580 |
| **Plaintiff,** | : | (Judge Jones) |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| **PENNSYLVANIA DEPARTMENT OF CORRECTIONS, et al.,** | : | |
| **Defendants.** | : | |

## MEMORANDUM OPINION AND ORDER

### I. Statement of Facts and of the Case

This is a *pro se* civil rights action brought by Shawn Ledcke, a federal inmate who was formerly housed in the Lackawanna County Prison. Ledcke commenced this civil action through the filing a *pro se* complaint on August 13, 2012. (Doc. 1.) Ledcke's original complaint was a 61 page document, which contains 266 separately numbered paragraphs and was accompanied by more than 40 pages of exhibits. In this *pro se* complaint Ledcke named some 23 individual and institutional defendants. These institutional defendants included the Pennsylvania Department of Corrections, the Lackawanna County Prison and the Lackawanna County Prison Board. Ledcke's complaint then went on to name approximately 20 individual defendants. These individual defendants included a series of prison supervisors whose only involvement

in the matters set forth in the complaint seems to have entailed their overall management of the institution and their processing of grievances Ledcke lodged after-the-fact with prison officials concerning his treatment at the institution. Ledcke then named Sheriff John Szymanski as a defendant, but simply alleged that Szymanski was present during an interview between Ledcke and FBI agents and made what Ledcke took to be a derogatory comment. (Doc. 1, ¶233.)

On August 20, 2012, we recommended dismissal of all claims against the institutional defendants named in the complaint, the Pennsylvania Department of Corrections, the Lackawanna County Prison and the Lackawanna County Prison Board, as well as all claims against the senior supervisory defendants named in the complaint, Warden Janine Donate, Warden Robert McMillian, and Associate Wardens, Walter Pritchyk and Timothy Belli.(Doc. 10.) This recommendation was adopted by the district court, and these parties have been dismissed from this action. (Doc. 15.) Indeed, the amended complaint filed by Ledcke does not name them as defendants. (Doc. 14.)

Despite the fact that they were no longer parties in this action, Ledcke has served interrogatories on the prison board, prison warden and prison supervisors, and now moves to compel answers to these interrogatories. (Doc. 57.)

For the reasons set forth below, this motion will be denied.

## II. Discussion

Several basic guiding principles inform our resolution of the instant discovery dispute. At the outset, Rule 37 of the Federal Rules of Civil Procedure governs motions to compel discovery, and provides that:

> (a) Motion for an Order Compelling Disclosure or Discovery
>
> (1) In General. On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. . . .

Fed. R. Civ. P. 37(a).

The scope of what type of discovery may be compelled under Rule 37 is defined, in turn, by Rule 26(b)(1) of the Federal Rules of Civil Procedure, which provides as follows:

> (1) Scope in General. Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense – including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)( C ).

Fed. R. Civ. P. 26(b)(1)

Rulings regarding the proper scope of discovery, and the extent to which discovery may be compelled, are matters consigned to the court's discretion and judgment. Thus, it has long been held that decisions regarding Rule 37 motions are "committed to the sound discretion of the district court." DiGregorio v. First Rediscount Corp., 506 F.2d 781, 788 (3d Cir. 1974). Similarly, issues relating to the scope of discovery permitted under Rule 26 also rest in the sound discretion of the Court. Wisniewski v. Johns-Manville Corp., 812 F.2d 81, 90 (3d Cir. 1987). Thus, a court's decisions regarding the conduct of discovery, and whether to compel disclosure of certain information, will be disturbed only upon a showing of an abuse of discretion. Marroquin-Manriquez v. I.N.S., 699 F.2d 129, 134 (3d Cir. 1983).This far-reaching discretion extends to rulings by United States Magistrate Judges on discovery matters. In this regard:

> District courts provide magistrate judges with particularly broad discretion in resolving discovery disputes. See Farmers & Merchs. Nat'l Bank v. San Clemente Fin. Group Sec., Inc., 174 F.R.D. 572, 585 (D.N.J.1997). When a magistrate judge's decision involves a discretionary [discovery] matter . . . , "courts in this district have determined that the clearly erroneous standard implicitly becomes an abuse of discretion standard." Saldi v. Paul Revere Life Ins. Co., 224 F.R.D. 169, 174 (E.D.Pa.2004) (citing Scott Paper Co. v. United States, 943 F.Supp. 501, 502 (E.D.Pa.1996)). Under that standard, a magistrate judge's discovery ruling "is entitled to great deference and is reversible only for abuse of discretion." Kresefky v. Panasonic Commc'ns and Sys. Co., 169 F.R.D. 54, 64 (D.N.J.1996); see also Hasbrouck v. BankAmerica Hous. Servs., 190 F.R.D. 42, 44-45 (N.D.N.Y.1999)

> (holding that discovery rulings are reviewed under abuse of discretion standard rather than de novo standard); EEOC v. Mr. Gold, Inc., 223 F.R.D. 100, 102 (E.D.N.Y.2004) (holding that a magistrate judge's resolution of discovery disputes deserves substantial deference and should be reversed only if there is an abuse of discretion).

Halsey v. Pfeiffer, No. 09-1138, 2010 WL 3735702, *1 (D.N.J. Sept. 17, 2010).

This discretion is guided, however, by certain basic principles. For example, with respect to interrogatories, "the federal rules provide that interrogatories may only be served upon parties to the lawsuit. Fed.R.Civ.P. 33." Ward v. Empire Vision Centers, Inc., 262 F.R.D. 256, 261 (W.D.N.Y. 2009). Therefore, "plaintiff cannot seek to compel discovery directed against former defendants and non-parties . . . . See Fed.R.Civ.P. 33(a)(1) (interrogatories are served on parties); Ward v. Empire Vision Centers, Inc., 262 F.R.D. 256, 261 (W.D.N.Y.2009) (non-party cannot be compelled to answer interrogatories)." Solomon v. Michigan State Police, 1:08-CV-858, 2010 WL 3475730 (W.D. Mich. Sept. 2, 2010).

This legal proposition which limits the use of interrogatories to parties, is fatal to Ledcke's motion to compel. Since Ledcke seeks to do something which is not permitted under the rules–compel answers to interrogatories from non-parties–his motion to compel will be denied.

## III. **Conclusion**

For the foregoing reasons, Ledcke's motion to compel, (Doc. 57) is DENIED.

So ordered this 16th day of April, 2013.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge