**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **SHAWN MICHAEL LEDCKE** | : | **Civil No. 1:12-CV-1580** |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | |
| | : | **(Magistrate Judge Carlson)** |
| **PENNSYLVANIA DEPARTMENT OF** | : | |
| **CORRECTIONS, et al.,** | : | |
| | : | |
| **Defendants.** | : | |

## MEMORANDUM ORDER

Trial in this action is scheduled to begin on December 8, 2015.  In preparation for trial, the plaintiff has now filed a motion seeking to have the Court issue him 15 blank subpoenas that he may use to compel unidentified persons to appear at his trial and provide testimony.  (Doc. 128.)

The motion is very general, and seems intended to provide the plaintiff the flexibility to issue subpoenas at his own discretion, for up to 15 witnesses, but provides no other information to explain who these witnesses might be, where they might be located, what they are expected to say if they are called to testify at trial, or how their testimony may be relevant to the claims in this case.  The plaintiff suggests that some of these unidentified witnesses may be inmates in state or federal custody, and he suggests that others may not be in custody.  He has provided no further

information about any of the witnesses whose appearance at trial he hopes to secure, and has provided no proffer about their anticipated testimony.  Also absent from the plaintiff's motion is an acknowledgment that he is required under federal law to bear the costs associated with the subpoenas, including the witness fees prescribed by 18 U.S.C. § 1821.  The plaintiff, who is proceeding *in forma pauperis*, does not indicate whether he has the financial resources to pay the required witness fees.

We are committed to providing all parties a fair trial and a full opportunity to present their cases, but upon consideration of this specific request, the plaintiff's motion for blank subpoenas will be denied at this time.  To the extent the plaintiff wishes to issue subpoenas, he will be required first to identify the name and location of the witnesses he wishes to subpoena, and to make a proffer about what the witnesses are expected to say if called to testify, so that the Court can make a determination about whether the subpoena should be authorized.  We can then ensure that subpoenas issue and are served.

In addition, the plaintiff should understand that typically he has to demonstrate that he has the ability to pay for the expenses of non-party, non-incarcerated witnesses who the plaintiff expects to testify at trial.  Federal law provides that non-incarcerated witnesses are entitled to, *inter alia*, per diem fees and other expenses. See 28 U.S.C. § 1821; see also 28 U.S.C. § 1821(f) (providing that witnesses who are

incarcerated may not receive fees or allowances under the statute).   Generally,

therefore, plaintiffs – including those proceeding *in forma pauperis* – are required to

pay the fees and costs for non-incarcerated witnesses who are subpoenaed to testify

at deposition or trial.   See Jacobs v. Heck, 364 F. App'x 744, 748 (3d Cir. 2010)

(unpublished) (court did not err in holding that inmate must pay the fees and costs for

any prison official he wished to subpoena for trial); see also Canady v. Kreider, 892

F. Supp. 668, 670 (M.D. Pa. 1995) (finding no statutory provision authorizing a

federal court to waive or finance the payment of witness fees required by 28 U.S.C.

§ 1821(a) and holding that "a litigant proceeding *in forma pauperis* is required to

tender witness fees as provided in § 1821 to effect service of subpoenas under Rule

45(b)(1)").   Accordingly, courts will typically require plaintiffs like Ledcke to

demonstrate that they have the ability to pay these fees and expenses prior to

authorizing the issuance of a subpoena that commands a witness to appear.   See, e.g.,

Jackson v. Russel, __ F. Supp. 2d. __, 2015 WL 4915516 (D. Del. Aug. 17, 2015);

Dupree v. Doe, No. 10-351, 2014 WL 587136 (D. Del. Feb. 12, 2014); Allen v.

Prince, No. 99-938, 2012 WL 1133687 (D. Del. Mar. 30, 2012); see also Pedraza v.

Jones, 71 F.3d 194, 196 n.4 (5th Cir. 1995) (an inmate proceeding in forma pauperis

in a civil action may not issue subpoenas without paying the required fees);

Fernandez v. Kash N'Karry Food Stores, Inc., 136 F.R.D. 495, 496 (M.D. Fla. 1991) (witness and mileage fees required to be paid by indigent plaintiff).

In order for the Court to make an informed decision about whether to issue subpoenas to witnesses that the plaintiff identifies, the plaintiff will be required first to provide information about each of the witnesses, including their identity, location, and what they are expected to testify to at trial.   In addition, the plaintiff must demonstrate for the Court that he has the financial ability to pay for the fees and expenses that must be paid to any non-incarcerated witness who would be subject to subpoena.  The plaintiff should provide this information on or before **November 19, 2015**.

Accordingly, IT IS HEREBY ORDERED THAT the motion (Doc. 128.) is DENIED, without prejudice to the plaintiff renewing his request for relief, provided he makes the required showing that the Court has explained above.

*/s/ Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge